# Tuscaloosa Belt Ry. Co. *v.* Fuller.

*Damages for Injury to Horse and Vehicle.*

(Decided Dec. 19, 1907.   45 So. Rep. 156.)

1. *Railroads; Accident at Crossing; Negligence.*—The defendant was guilty of negligence for the failure of its engineer to stop its train before colliding with plaintiff's horse and buggy, where the engineer discovered plaintiff's perilous position near the track and could have stopped the train before the collision.

2. *Same; Jury Question.*—Whether the engineer discovered plaintiff and his team in a perilous position near the track and could

[Tuscaloosa Belt Ry. Co. v. Fuller.]

have stopped the train in time to avoid the collision and negligently failed to do so, under the evidence in this case, is a question for the jury.

APPEAL from Tuscaloosa County Court.

Heard before Hon. Daniel COLLIER, Special Judge.

Action by Lee Fuller against the Tuscaloosa Belt Ry. Co. for injuries to his person and property. From a judgment for plaintiff defendant appeals. Affirmed.

The case made by the evidence for plaintiff was that some time during the month of April, 1906, Fuller and his son were in plaintiff's buggy drawn by plaintiff's horse, traveling from Cottonwood to the city of Tuscaloosa, and after they had reached the city of Tuscaloosa and were traveling the street into which their road led, and along which defendant's dummy line runs, and while they were coming up a hill beyond Hill Station, they saw defendant's train coming down the hill meeting them; that their horse became frightened at the approach of the dummy and began to make an effort to wheel around and go in the opposite direction; that the dummy engine gave a shrill, sharp whistle, when about 25 or 30 yards away, and that when the dummy first came in sight Robert Fuller jumped out of the buggy and ran to the horse's head and tried to hold him, while the plaintiff remained in the buggy holding the reins, and when the dummy was within 25 or 30 yards of the horse, the horse began backing the buggy towards the defendant's track; that the engineer saw the horse and Robert Fuller jumped out and caught the horse by the head; that the dummy was running slowly, making about 4 miles an hour, and was popping off steam going down hill. That the rear wheel of the buggy came in contact with the rear steap of the coach on the dummy train, throwing the buggy over, tearing it loose from the

19 R

horse, damaging the buggy badly and injuring plaintiff. Charges 1 and 3 are the general affirmative charge for the defendant, with hypothesis. Charge 2: "Unless you believe from the evidence that the train ought to have been stopped or held still at the Hill Station, instead of going on its way at a slow rate of speed, you cannot find for the plaintiff."

HENRY FITTS, for appellant. The affirmative charge for the appellant should have been given for two reasons. First, because of a variance between complaint and the proof. Second, no negligence on the part of the defendant or its servant is disclosed by the evidence.— *Stanton v. R. R. Co.,* 91 Ala. 382; *R. R. Co. v. Lee,* 136 Ala. 182.

ROBISON BROWN, for appellee. After the discovery of peril the persons operating the train should stop it, or do anything else within their power to prevent the impending danger.—*Bir. Ry. L. & P. Co.,* 41 South. 829; *Anniston Elec. & Gas Co. v. Elwell,* 42 South. 45; *Cent. of Ga. Ry. Co. v. Foshee,* 27 South. 1006; *L. & N. R. R. Co. v. Mertz-Ibach & Co.,* 40 South. 60, and 43 South. 7; *Garth v. North Ala. Trac. Co.,* 42 South. 627; *Bessemer Land & I. Co. v. Campbell,* 25 South. 793; *Cent. of Ga. Ry. Co. v. Lamb,* 26 South. 974; *L. & N. R. R. Co. v. Brown,* 25 South. 611.

ANDERSON, J.—There was evidence from which the jury could infer that the horse was backing towards the track after Robert Fuller had gotten to his head, and that the engineer saw the situation, and that the horse was not under control. If the engineer discovered that plaintiff was in a perilous position, and could have stopped the train before the collision, and failed to do so,

then the defendant was guilty of negligence. The plaintiff testified that the engineer saw his horse backing towards defendant's track when the train was 25 or 30 yards off, and the defendant's witness George Sullivan testified that the train could have been stopped within the space of 35 or 40 feet. It was therefore a question for the jury to determine whether or not the engineer discovered the plaintiff and his horse and buggy in a perilous position, and if he could have stopped the train in time to avoid the collision and negligently failed to do so. The trial court did not err in refusing charge 1, the general charge, requested by the defendant.

Charge 2, requested by the defendant, was properly refused. The defendant's servants could have been guilty of negligence in failing to stop the train after it passed Hill's Station.

Charge 3, requested by the defendant, was in effect the general charge, and was properly refused.

No error is insisted upon in brief of appellant's counsel as to the trial court's failure to grant a new trial.

The judgment of the county court is affirmed.

TYSON, C. J., and HARALSON and SIMPSON, JJ., concur.